**UNITED STATES of America, Appellee,**

v.

**Bryan POULIN, Defendant–Appellant.**

No. 03–1218.

United States Court of Appeals, Second Circuit.

Nov. 6, 2003.

Kurt M. Hughes, Burlington, VT, for Appellant.

David V. Kirby, First Assistant United States Attorney, District of Vermont, for Appellee.

PRESENT: OAKES, JACOBS, and POOLER, Circuit Judges.

*SUMMARY ORDER*

Defendant Bryan Poulin ("Poulin") appeals from the sentence imposed by the District Court of Vermont (William K. Sessions, *Chief Judge*) following Poulin's guilty plea to possession of cocaine with

intent to distribute in violation of 21 U.S.C. § 841(a)(1). We assume familiarity with the facts, the procedural history, and the specification of appellate issues.

The presentence report ("PSR") recommended a finding that Poulin had dealt in at least 500 grams but not more than 2 kilograms of cocaine over the course of a year and recommended sentencing at Base Offense Level 26. At the sentencing hearing, Poulin's former associates, William Snow and Caryn Bartlett, testified about Poulin's cocaine dealings between February and December, 2001. Based on this testimony and the quantity of cocaine actually seized by the government, the district court adopted the PSR's recommendation.

Poulin challenges the sufficiency of evidence in support of drug quantity, and in particular, attacks the credibility of witnesses Snow and Bartlett. The district court acknowledged that "both of the witnesses that were called by the government could be subjected to rigorous attack on cross examination[.]" The court credited their testimony nevertheless on the basis of several circumstances: (1) Snow and Bartlett testified consistently that Poulin was dealing cocaine from February, 2001 through December, 2001; (2) the court engaged in direct and lengthy questioning of Snow, eliciting testimony that he had received from Poulin, for personal use or subsequent distribution, at least 3 to 4 ounces of cocaine (*i.e.* 84 to 112 grams) prior to November, 2001; (3) Snow and Bartlett identified the same individual as Poulin's supplier, and both were present at multiple cocaine purchases by Poulin from that source.

Poulin provides no support for his contention that this testimony should be discredited, other than to rehearse the credibility and factual issues fully considered by the district court.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.